United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Doug Longhini, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 20-21514-Civ-Scola |
| | ) |
| 18335 NW 27 Ave LLC and JJ&J Family Food Corp., Defendants. | ) |

**Order on Motion to Dismiss**

Plaintiff Doug Longhini complains Defendants 18335 NW 27 Ave, LLC ("18335") and JJ&J Family Food, Corp., discriminated against him by operating a commercial shopping center with several architectural barriers in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12181–12189 ("ADA") and 28 U.S.C. §§ 2201 and 2202. (Am. Compl., ECF No. 35.) On September 21, 2020, the Court dismissed Longhini's original complaint, without prejudice, finding Longhini had not shown standing to bring this lawsuit. (Order, ECF No. 34.) In response, Longhini timely filed an amended complaint. This matter is now before the Court upon 18335's motion to dismiss the amended complaint for lack of standing and failure to state a claim. (Def.'s Mot., ECF No. 39.) Longhini filed a response (Pl.'s Resp., ECF No. 40) and 18335 timely replied (Def.'s Reply, ECF No. 41). For the reasons set forth below, the Court **denies** 18335's motion with respect to its lack-of-standing argument and **denies** it, **in large part**, with respect to 18355's failure-to-state-a-claim arguments (**ECF No. 39**).

1. **Background**

Longhini is disabled and requires the use of a wheelchair to ambulate. (Am. Compl. ¶ 13.) He has limited use of his hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist. (*Id.*) 18335 owns, operates, and oversees a shopping center, its general parking lot, and its parking spots. (*Id.* ¶¶ 5, 14.) Longhini says he visits the shopping center regularly. On February 13, 2020, and September 24, 2020, Longhini encountered several architectural barriers in violation of ADA standards during his visit. (*Id.* ¶¶ 16, 19.) Longhini's alleged violations include excessive slopes and non-compliant handrails along ramps, non-compliant water fountains, and several issues impairing public restroom accessibility. (*Id.* ¶ 27.) In his amended complaint, Longhini asserted his intent to return to the shopping center on October 25, 2020, in conjunction with a Miami Dolphins game he

planned to attend at the nearby Hard Rock Stadium. (*Id.* ¶ 16.) Although the Miami Dolphins game was canceled, as Longhini explains in his response, he nonetheless visited the shopping center on October 25, 2020, to avail himself of goods and services and assess whether 18335 had taken remedial measures. (Pl.'s Resp. at 9.)  Longhini now seeks a declaratory judgment, injunctive relief, and attorneys' fees and costs. (Am. Compl. ¶ 1.)

## 2. Legal Standard

### A. Standing

Because the question of Article III standing implicates subject matter jurisdiction, it must be addressed as a threshold matter prior to the merits of any underlying claims. *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1250 (11th Cir. 2015). Indeed, standing generally must be present at the inception of the lawsuit. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 n.5 (1992). Article III of the U.S. Constitution grants federal courts judicial power to decide only actual "Cases" and "Controversies." U.S. Const. Art. III § 2. The doctrine of standing is a "core component" of this fundamental limitation that "determin[es] the power of the court to entertain the suit." *Hollywood Mobile Estates Ltd. v. Seminole Tribe of Fla.*, 641 F.3d 1259, 1264–65 (11th Cir. 2011) (quoting *Lujan,* 504 U.S. at 560; *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). The "irreducible constitutional minimum" of standing under Article III consists of three elements: (1) the plaintiff must have suffered an actual or imminent injury, or a concrete "invasion of a legally protected interest"; (2) that injury must have been caused by the defendant's complained-of actions; and (3) the plaintiff's injury or threat of injury must likely be redressable by a favorable court decision. *Lujan*, 504 U.S. at 560–61; *see also Hollywood Mobile Estates Ltd.*, 641 F.3d at 1265 (same).

"[A] dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (citing *Cone Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1203 n. 42 (11th Cir. 1991)). Motions to dismiss a complaint for lack of subject matter jurisdiction can consist of either a facial or factual attack on the complaint. *Id.* A facial attack requires the court to "merely look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction," whereas a factual attack "challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony." *Id.* at 1233–34. "A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." *Id.* at 1232.

### B. Failure to State a Claim

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of a complaint. *See* Fed. R. Civ. P. 12(b)(6). In assessing the legal sufficiency of a complaint's allegations, the Court is bound to apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, the complaint "must . . . contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). "Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (internal quotations omitted) (citing *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A court must dismiss a plaintiff's claims if he fails to nudge his "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Id.* at 555. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

### 3. Analysis
### A. Longhini demonstrates standing to sue 18335 for ADA non-compliance.

As an initial matter, the Court addresses 18335's assertion that Longhini lacks standing to bring this suit. In its motion, 18335 contends Longhini has not, and cannot, establish a concrete and immediate future injury that is not

merely conjectural or hypothetical. In response, Longhini argues the amended complaint states his intent to return to the shopping center, which is a sufficient allegation of a future injury. In light of the record and the relevant law, the Court finds Longhini demonstrates a real and immediate threat of future harm.

     To establish standing, a plaintiff must allege: (1) injury-in-fact; (2) a causal connection between the injury asserted and the defendant's conduct; and (3) a likelihood that a favorable ruling will redress the injury. *Houston v. Marod Supermarkets, Inc.,* 733 F.3d 1323, 1328 (11th Cir. 2013). When seeking injunctive relief in an ADA case, a plaintiff must show that he will suffer a disability discrimination by the defendant in the future. *Id.* Simply put, the threat of future injury must be "real and immediate—as opposed to merely conjectural or hypothetical." *Id.* The Court must assess four factors to determine the threat of future harm: (1) the proximity of the defendant's business to plaintiff's residence, (2) past patronage of defendant's business, (3) the definitiveness of plaintiff's plan to return, and (4) the plaintiff's frequency of travel near the defendant's business. *Houston,* 733 F.3d at 1337. The standing determination for a plaintiff seeking injunctive relief is a fact-sensitive inquiry and no single factor is dispositive. *Id.* at n.6. ("District courts must consider the totality of all relevant facts to determine whether a plaintiff faces a real and immediate threat of injury.").

     The Court has no difficulty determining Longhini has standing to bring this lawsuit. At the outset, Longhini sufficiently demonstrates that the distance between the shopping center and his home weighs in favor of standing. As noted in his response, Longhini lives in the same county, approximately twenty-seven miles from the shopping center. (Am. Compl. ¶ 16, Pl.'s Resp. at 2.) Based on this distance, there is a likelihood of a future injury. *Houston,* 733 F.3d at 1337 (finding standing present where the plaintiff lived 30.5 miles from the defendant's place of business). Longhini also adequately alleges past patronage of the shopping center. On February 13, 2020, Longhini encountered the alleged architectural barriers during his first visit to the shopping center. (Am. Compl. ¶ 16.) On September 24, 2020, Longhini revisited the shopping center. (*Id.*) Given his two recorded visits to the property before filing the amended complaint, Longhini's past patronage weighs in favor of standing. *Houston,* 733 F.3d at 1328 (holding that the plaintiff's two visits to the defendant's property before filing the lawsuit was sufficient to show standing).

     Further, Longhini identifies a concrete plan in his amended complaint to revisit the shopping center on October 25, 2020, in conjunction with attending a Miami Dolphins game at the Hard Rock Stadium near the shopping center.

(*Id.*) Although the game was canceled, as Longhini sets forth in his response, he nonetheless did in fact return to the shopping center on October 25, 2020, to avail himself of goods and services and assess whether 18335 adopted any remedial measures to resolve the alleged barriers. (Pl.'s Resp. at 9.) Longhini has therefore pleaded a concrete plan to return to the shopping center, which he later followed through on. Finally, Longhini states that as the president of a disability rights' group, he regularly travels to the area near the shopping center to meet with current and prospective members. (*Id.* at 10.) In light of Longhini's allegations, and his track record of initiating ADA lawsuits as a tester, the Court finds Longhini frequently travels near the business.

In evaluating all the factual allegations and the totality of the circumstances, the Court finds Longhini shows a real and immediate threat of future injury. Therefore, Longhini has standing to seek injunctive relief against 18335 for ADA violations.

### B. Longhini pleads sufficient facts to put 18335 on fair notice of its alleged ADA violations.

In its motion, 18335 contends that even if the Court were to find standing, Longhini has alleged insufficient facts to support his discrimination claim. The amended complaint lists nearly three pages of specific architectural barriers that Longhini encountered at the shopping center, along with citations to specific regulations that each alleged barrier violates. Despite this fact, 18335 asserts the Court should dismiss the entire complaint based on just two purportedly deficient allegations concerning non-compliant bathroom signage and drinking fountains. The Court finds the majority of Longhini's factual allegations are sufficient to show he was discriminated against due to architectural barriers on 18335's property. Therefore, dismissal is largely inappropriate at this stage of the litigation.

To establish a claim for discrimination under the ADA, a plaintiff must show that: (1) he is disabled; (2) the subject facility is a public accommodation; and (3) he was denied full and equal enjoyment of the public accommodation as a result of his disability. *See Ass'n for Disabled Americans, Inc. v. Concorde Gaming Corp.*, 158 F. Supp. 2d 1353, 1359–60 (S.D. Fla. 2001) (Highsmith, J.).

18335 contends Longhini's allegations fail to show how he was precluded from full and equal enjoyment of the property as a result of his disability. In particular, 18335 focuses on Longhini's allegation that "[t]here are drinking fountains that do not provide access to those who have difficulty bending or stooping . . . in violation of Section 4.1.3(10) of the ADAAG and Section 211.2 & 602.7 of the 2010 ADA Standards." (Def.'s Mot. at 11.) As Longhini states in his complaint, he ambulates with the use of a wheelchair. (Am. Compl. ¶ 13.)

Considering his particular disability, then, Longhini fails to allege how he would be discriminated against by water fountains that allegedly preclude access to those who have difficulty bending or stooping. Concerning this one alleged barrier, the Court finds Longhini's allegation inadequate to state a claim for relief. The Court, therefore, dismisses Longhini's claim that is based on the inaccessibility of drinking fountains to those who have difficulty bending or stooping (*Id.* ¶ 27 (Price Choice, Access to Goods and Services)).

18335 also argues Longhini's allegation that "[t]he restroom signage is not mounted at the required location, violating Section 4.30.6 of the ADAAG and Section 703.4 of the 2010 ADA Standards" is particularly vague. (Def.'s Mot. at 11.) Longhini, however, provides direct references to the precise ADA regulation each alleged barrier violates. This information is sufficient to inform 18335 of the bases for Longhini's claim. The remainder of Longhini's allegations sufficiently show that Longhini visited the shopping center, encountered barriers in violation of ADA standards, and was discriminated against as a result of these violations. Indeed, the complaint sufficiently alleges that several barriers restrict Longhini's ability to fully and equally enjoy the premises and prevent him from fully accessing the property. *See Lugo v. 141 NW 20th Street Holdings, LLC*, 878 F. Supp. 2d 1291, 1294–95 (S.D. Fla. 2012) (Marra, J.) (holding that a list of the various physical barriers that precluded the plaintiff's ability to access the defendant's property was sufficient to provide the defendant with notice of the plaintiff's claims).

Based on these allegations, the Court finds Longhini has provided 18335 enough notice of what the case entails, therefore satisfying the pleading requirements.

### 4. Conclusion

For the reasons stated above, the Court **denies** 18335's motion with respect to its lack-of-standing argument and **denies** it, **in large part**, with respect to 18355's failure-to-state-a-claim arguments (**ECF No. 39**).

18335 must respond to the amended complaint on or before **December 23, 2020**.

**Done and ordered**, at Miami, Florida, on December 17, 2020.

Robert N. Scola, Jr.
United States District Judge